UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAFIEL RIGGINS,

    Petitioner,

v.                                                             Case No. 09-cv-13144

NICK LUDWICK,                                    HON. AVERN COHN

    Respondent.
_____/

**MEMORANDUM AND ORDER DENYING PETITIONER'S MOTION TO HOLD HABEAS PETITION IN ABEYANCE (Doc. 11)**

**I. Introduction**

This is a habeas case under 28 U.S.C. § 2254. Petitioner Rafiel Riggins, a state prisoner, challenges his 2006 convictions for assault with intent to murder, firearm possession by a felon, and felony firearm, third offense, imposed by a Wayne County Circuit Court jury. In the petition, filed in August of 2009, he raises two claims: (1) sufficiency of the evidence for the assault conviction; and (2) improper scoring of his guidelines. Respondent has recently answered the petition and filed the necessary Rule 5 materials.

Before the Court is Petitioner's "Motion to Hold Habeas Petition in Abeyance," in which he asks the Court to hold his petition in abeyance so that he may return to state court to present an additional, and apparently unexhausted, claim. However, he has not identified the additional claim. Therefore, for the reasons that follow, the motion will be denied.

## II.  Discussion

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court approved a procedure for holding habeas-corpus actions in abeyance to allow petitioners to return to the state courts to present unexhausted claims.  In *Rhines*, the Supreme Court recognized the district court's discretion to stay a habeas-corpus proceeding pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust and if petitioner's unexhausted claims are not "plainly meritless."  *Rhines*, 544 U.S. at 277-78.

Petitioner has not identified the claim that he seeks to exhaust for purposes of supplementing his habeas petition.  Without such information, the Court cannot determine whether good cause exists for his failure to exhaust the claim nor whether the claim has colorable merit.  As such, Petitioner has not demonstrated that a stay is warranted.

## III.  Conclusion

For the reasons state above, Petitioner's "Motion to Hold Habeas Petition in Abeyance" is DENIED.

SO ORDERED.


Dated:  February 9, 2011             S/Avern Cohn
                                     AVERN COHN
                                     UNITED STATES DISTRICT JUDGE

**09-13144 Riggins v. Ludwick**
**M & O Denying Motion to Hold Habeas Petition in Abeyance**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, February 9, 2011, by electronic and/or ordinary mail.

S/Julie Owens
Case Manager, (313) 234-5160