UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAFIEL RIGGINS,

    Petitioner,

v.                                      Case No. 09-cv-13144
                                        HON. AVERN COHN

STEVEN RIVARD,

    Respondent.
_____/

**AMENDED ORDER[1]**
**RE-OPENING HABEAS PROCEEDINGS**
**AND**
**ACCEPTING AMENDED HABEAS PETITION FILED (Doc. 16 )**
**AND**
**DIRECTING THAT THE AMENDED PETITION BE SERVED UPON**
**RESPONDENT AND THE MICHIGAN ATTORNEY GENERAL**
**AND**
**DIRECTING RESPONDENT TO FILE A SUPPLEMENTAL ANSWER AND ANY**
**ADDITIONAL RULE 5 MATERIALS WITHIN SIXTY DAYS**
**AND**
**DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AS MOOT**

**I. Introduction**

This is a habeas case under 28 U.S.C. § 2254. Michigan prisoner Rafiel Riggins (Petitioner) is incarcerated by the Michigan Department of Corrections, currently housed at the St. Louis Correctional Facility in St. Louis, Michigan, where he is serving sentences for assault with intent to murder, possession of a

---

[1]This order amends the case caption to reflect that the proper Respondent in this case is now Steven Rivard, the warden of St. Louis Correctional Facility in St. Louis, Michigan, where Petitioner is currently incarcerated. *See Edwards Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *See also* Rule 2(a), 28 foll. U.S.C. § 2254.

firearm during the commission of a felony, and felony firearm. Petitioner's convictions were imposed by a Wayne County Circuit Court jury in 2006. As will be explained, Petitioner filed his petition in 2009 and later asked to have the petition held in abeyance while he returned to state court to present additional claims. The Court granted the request. Petitioner has now exhausted his state-court remedies and has returned to federal court by filing an amended petition, which the Court construes as a request to re-open his case and file the amended petition. For the reasons that follow, Petitioner's request will be granted. Respondent shall be served with the amended petition and directed to respond to the same.

## II. Discussion

Petitioner's convictions and sentences were affirmed by both state appellate courts. *People v. Riggins*, No. 274093, 2008 WL 314934 (Mich. Ct. App. Feb. 5, 2008); *People v. Riggins*, 748 N.W.2d 854 (Mich. 2008) (unpublished table decision).

Petitioner filed his habeas petition on August 11, 2009. (Doc 1). Respondent filed an answer and the Rule 5 materials on February 17, 2010. (Doc. 7 & 8).

Subsequently, on January 6, 2011, Petitioner filed a "Motion to Hold Habeas Petition in Abeyance" (Doc. 11), asking the Court to stay his habeas proceedings so he could return to state court to exhaust his state-court remedies.

Petitioner alleged that he had unexhausted claims that he wished to exhaust in the state courts. Because Petitioner did not identify the claims he wished to exhaust, the Court could not determine whether the unexhausted claims had merit and denied the motion. (Doc. 12).

Petitioner then filed a motion for reconsideration in which he identified the claims he wished to exhaust in the state courts and again asked the Court to stay his habeas proceedings so that he could return to the state courts to exhaust those claims. (Doc. 13). The Court granted the motion. (Doc. 14).

Petitioner now moves to re-open the case and to amend the petition. (Doc. 16). Petitioner states that he has properly exhausted his claims in the state courts. The record shows the following. The trial court denied his motion for relief from judgment on July 27, 2011. *People v. Riggins*, No. 06-006240-01-FC (3rd Judicial Cir. Ct. July 27, 2011). Both state appellate court denied his applications for leave to appeal. *People v. Riggins*, No. 307591 (Mich. Ct. App. June 8, 2012); *People v. Riggins*, 823 N.W.2d 605 (Mich. 2012) (unpublished table decision).

It appears that the petition is now ripe for federal- habeas review. A federal court may grant a timely request to re-instate a section 2254 petition. *See* e.g., *Rodriguez v. Jones*, 625 F. Supp. 2d 552, 559 (E.D. Mich. 2009). Accordingly, the case will be re-opened.

3

Further, because the request to amend displays no indication of delay or bad faith, and because no sign of prejudice to Respondent appears, Petitioner may amend his petition. *Coe v. Bell*, 161 F.3d 320, 341-342 (6th Cir. 1998).

### III.  Conclusion

Accordingly, Petitioner's "(Amended)Petition for Writ of Habeas Corpus" (Doc. 16), is GRANTED.  The clerk of the court is directed to re-open this case.

The Clerk shall serve a copy of the amended petition and a copy of this order on Respondent and the Attorney General.

Respondent is directed to submit a supplemental answer and any additional Rule 5 materials within sixty days from the date of this order.  Petitioner may submit a reply within forty-five days of when Respondent answers.

Petitioner's "Application to Proceed *In Forma Pauperis*" (Doc. 15) is DENIED as moot, because he was granted *in forma pauperis* status when he originally filed his petition.

SO ORDERED.

    S/Avern Cohn
UNITED STATES DISTRICT JUDGE

Dated:  March 8, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, March 8, 2013, by electronic and/or ordinary mail.

    S/Sakne Chami
Case Manager, (313) 234-5160