UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAFIEL RIGGINS,

            Petitioner,            Case No. 09-13144

v.            HON. AVERN COHN

STEVEN RIVARD,

            Respondent.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION (Doc. 30) AND MOTION TO INTERVENE (Doc. 31)

I.

This is a habeas case under 28 U.S.C. § 2254. Petitioner Rafiel Riggins (Petitioner), proceeding pro se, filed a petition challenging his state court convictions and sentence, raising eight claims. On May 11, 2014, the Court denied the petition and declined to issue a certificate of appealability. (Doc. 24). Petitioner filed a notice of appeal. (Doc. 28)

Nevertheless, another state prisoner, Omar Pouncy, who has his own habeas case pending in this district, Pouncy v. Palmer, No. 13-cv-14695, moves for reconsideration and to intervene in the case. Pouncy explains that he is raising the same issue that Petitioner raised regarding the alleged closure of the courtroom during jury selection, and that the Court erroneously concluded that Petitioner's claim cannot be based on clearly established Supreme Court law existing at the time of Petitioner's trial. The motions are DENIED. The reasons follow.

II.

A.

Federal Rule of Civil Procedure 24 governs intervention in the federal courts and applies to motions to intervene in habeas cases. Rule 24(a) governs intervention as of right and Rule 24(b) governs permissive intervention. Rule 24(a) provides:

> Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a). A party seeking to intervene as of right must establish four elements: "(1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and inadequate representation of that interest by parties already before the court." Providence Baptist Church v. Hillandale Committee, Ltd., 425 F.3d 309, 315 (6th Cir.2005) (internal quotation marks and citations omitted); see also Arakaki v. Cayetano, 324 F.3d 1078, 1083 (9th Cir.2003). "Each of these four requirements must be satisfied to support a right to intervene." Arakaki, 324 F.3d at 1083.

In the habeas context, "it was not intended that the writ of habeas corpus should be availed of, as a matter course, by intruders or uninvited meddlers, styling themselves next friends." Whitmore v. Arkansas, 495 U.S. 149, 164 (1990) (quotation marks omitted). It is a well-established principle that a litigant cannot maintain a federal

habeas action to redress a constitutional wrong to others, or to assert the rights of third parties. Singleton v. Wulff, 428 U.S. 106, 113–14 (1976). A plaintiff may assert the rights of a third party only "[w]here practical obstacles prevent a party from asserting rights on behalf of itself." Secretary of State of Md. v. Joseph H. Munson Co., Inc., 467 U.S. 947, 956 (1984). To fit within this exception, a plaintiff must show three elements: first, injury in fact; second, a close relationship with the third party whose rights he asserts; and third, that the third party has no forum to protect its own interests. 467 U.S. at 956.

B.

Pouncy has made no showing under Rule 24(a) or Munson that he is entitled to intervene in this action. He has no legal interest of his own in this case, and he has not been injured by the Court's decision. This case concerns only the validity of Petitioner's conviction, not Pouncy's. Pouncy is fully capable of protecting his own interests in his own habeas case.

Finally, there is no basis for Pouncy to seek reconsideration on Petitioner's behalf.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT COURT

Dated: June 1, 2015
    Detroit, Michigan

3